JS 44 (Rev. 11/04)

**JD**

**CIVIL COVER SHEET** 12  2912  APPENDIX H

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Rachelle Parker
100 Old York Road, Apt. 920
Jenkintown, PA 19046

**DEFENDANTS**
Concentra Health Services, Inc., d/b/a Concentra Medical Centers (PA) and Brink's, Inc.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gavin P. Lentz
Vincent van Laar
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102

Attorneys (If Known)
Dean F. Muragh, Esquire/Chilton G. Goebel, III
German, Gallagher & Murtagh
200 S. Broad Street, 5th Floor
Philadelphia, PA 19102
215-545-7700
Counsel for Concentra

Peter C. Kennedy
Gibbons, P.C.
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Counsel for Brink's, Inc.

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ | ☐ |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☒ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☒ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury- Med. Malpractice
☐ 365 Personal Injury- Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 Original Proceeding
☒ 2 Removed from State
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgement

952146_1

| VI. CAUSE OF ACTION | (Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. §1332, 1441(a) and 1446 (b) |
|---|---|
| | Brief description of cause: Wrongful Death/Survival Action related to a pre-employment physical |

| VII. REQUESTED IN COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ Excess of $50,000 | CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY   N/A | (See Instructions) | | |
|---|---|---|---|
| | JUDGE | DOCKET NUMBER | |

| DATE: May 25, 2012 | SIGNATURE OF ATTORNEY OF RECORD Chilton G. Goebel, Esquire/ID. No.: 92118 |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   MAG JUDGE _____

952146_1

UNITED STATES DISTRICT COURT                                      **APPENDIX F**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _100 Old York Road, Ste 920, Jenkintown, PA 19046_

Address of Defendant: _5080 Spectrum Drive, Suite 1200, West Tower, Addison, TX 75001_

Place of Accident, Incident or Transaction: _Philadelphia, PA_

_____ *(Use Reverse Side For Additional Space)*

No

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes ☒        No ☐

Does this case involve multidistrict litigation possibilities?        Yes ☐        No ☒
*RELATED CASE, IF ANY*

Case Number: _____        Judge: _____        Date Terminated: _____

Civil Cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                   Yes ☐        No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                   Yes ☐        No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                   Yes ☐        No ☒

CIVIL: (PLACE √ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☒ All other Diversity Cases
    (Please specify) Wrongful Death/Survival Action

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

MAY 2 5 2012

I, Chilton G. Goebel, III_____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

Date: _May 25, 2012_        _____        92118
                            Chilton G. Goebel, III        Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: _May 25, 2012_        _____        92118
                            Chilton G. Goebel, III

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**



**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| **RACHELLE PARKER, individually
and as the Administratrix of the Estate
of Frank Csaniz** | : <br> : <br> : <br> : <br> : | **Court of Common Pleas, Philadelphia
January Term, 2012 No. 0442** |
| v. | : | **CIVIL ACTION** |
| **CONCENTRA HEALTH SERVICES, INC.,
d/b/a CONCENTRA MEDICAL CENTERS
(PA), et al** | : <br> : <br> : | **NO.:** _____ |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health    ( )
and Human Services denying plaintiff Social Security Benefits.

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from exposure    ( )
to asbestos.

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are    ( )
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)

(f)  Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| **May 25, 2012** | Chilton G. Goebel, III | **Attorney for Defendant
Concentra** |
| **Date** | **Attorney-at-law** | |

| | | |
|---|---|---|
| **215-545-7700** | **215-732-4182** | **goebelc@ggmfirm.com** |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

$350.⁰⁰



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RACHELLE PARKER, individually
and as the Administratrix of the Estate
of Frank Csaniz
                        :

                   v.

CONCENTRA HEALTH SERVICES, INC.,
d/b/a CONCENTRA MEDICAL CENTERS
(PA) and BRINK'S COMPANY d/b/a
BRINKS SECURITY

Court of Common Pleas, Philadelphia
January Term, 2012 No. 0442

CIVIL ACTION

NO.: **12  2912**

## NOTICE OF REMOVAL

TO:   United States District Court For the Eastern District of Pennsylvania

      Defendant Concentra Health Services, Inc.. d/b/a Concentra Medical Centers (PA),

("Concentra") hereby files this Notice of Removal of said case from the Court of Common Pleas

of Philadelphia County in which the action is now pending, to the United States District Court

for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1441, *et. seq.*, based on diversity

jurisdiction in accordance with 28 USCS § 1332 and, in support thereof, avers as follows:

      1.     Plaintiff, Rachelle Parker as the representative of the Estate of her deceased

father, Frank Csaniz, commenced this wrongful death and survival action win the Philadelphia

Court of Common Pleas by filing a Writ of Summons on January 5, 2012.

      2.     Plaintiff filed her Complaint on April 17, 2012.  A copy of the Complaint is

attached as Exhibit "A."

      3.     The Complaint alleges, *inter alia*, that defendant Brink's, Inc. (incorrectly

identified as Brink's Company d/b/a Brink's Security, hereinafter "Brink's") and defendant

Concentra Health Services, Inc. d/b/a Concentra Medical Centers (PA, (hereinafter "Concentra")

failed to properly discharge their duty to ensure that prospective employees such as the decedent

952083_1

herein were properly monitored and/or examined before, during and after physical endurance tests and that the same were designed and performed in a safe and adequate manner. See, Ex. A at ¶ 76 – 81.

4.      According to the Complaint, the foregoing alleged negligence was the proximate cause of the death of Mr. Csaniz when he suffered heart attack a few days after he appeared for and participated in pre-employment physical testing at Concentra's Philadelphia branch office for a job as a guard at the Brink's location in Philadelphia. See, Ex. A at ¶ 76 – 81.

5.      In the prayer at the conclusion of each count plaintiffs claim that the amount sought is in excess of $50,000.00.

6.      Plaintiff states that, as a result of the alleged negligence, plaintiff's decedent, Mr. Csaniz, suffered "excruciating pain for six days and finally died form the injuries sustained by the forced completion of the extreme physical endurance exam. See, Ex. A at 105.

7.      Plaintiff is seeking any and all damages recoverable under the wrongful death and survival acts. See, Ex. A.

8.      Plaintiff is a citizens and residents of the Commonwealth of Pennsylvania as of the date the Complaint was filed and remains a citizen and resident of this Commonwealth currently.

9.      As of the date that plaintiff's Complaint was filed and currently, defendant Brink's, Inc. is a Delaware corporation with a principal place of business located at in Dallas, Texas.

10.      As of the date that plaintiffs' Complaint was filed and currently, defendant Concentra is a Nevada corporation with a principal place of business located in Addison, Texas.

11.     Defendant Concentra believes and therefore avers, that subject matter jurisdiction exists in this court pursuant to 28 U.S.C. 1332(a)(1) because the parties are diverse and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12.     Further, this case is removable because it does not appear to a legal certainty that the plaintiffs cannot recover the jurisdictional amount, in excess of $75,000.00.

13.     On information and belief, defendants further aver that the amount in controversy is in excess of the applicable arbitration limits.

14.     Venue exists and is proper in the Eastern District of Pennsylvania because this action was originally filed in the Philadelphia Court of Common Pleas and involved an incident that occurred at the Concentra branch office located at 7000 Holstein Avenue, Philadelphia, Pennsylvania, being within the Eastern District of Pennsylvania.

15.     This notice is timely having been filed within 30 days of the date from which it was first ascertained that the case may be removable, that is within 30 days of the date defendant Concentra was served with the Complaint. See, 28 U.S.C. 1446(b).

16.     This action is removable pursuant to 28 U.S.C. §1441(a) and 1446(b).

17.     Defendant Brink's, Inc. has affirmatively consented to the removal of this action. See correspondence dated May 24, 2012 from counsel for Brink's, Inc. which is attached as Exhibit "B."

18.     Copies of plaintiff's Complaint, all other pleadings, orders and process which have been received or served upon defendants are attached hereto.

WHEREFORE, defendant Concentra Health Services, Inc., d/b/a Concentra Medical Centers (PA), gives notice to plaintiff that this action was removed from the Court of Common

Pleas of Philadelphia County to the United States District Court for the Eastern District of

Pennsylvania on the date stated below.

Respectfully submitted,

Date: _May 25 2012_

GERMAN, GALLAGHER & MURTAGH

BY: _____
    Dean F. Murtagh, Esquire
    I.D. No. 19611
    murtaghd@ggmfirm.com
    Chilton G. Goebel, Esquire
    I.D. No. 92118
    goebelc@ggmfirm.com
    200 S. Broad Street, Suite 500
    Philadelphia, PA  19102
    215-545-7700/215-732-4182 (Fax)
    Attorneys for Defendant,
    Concentra Health Services, Inc.,
    d/b/a Concentra Medical Centers
    (PA)

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the within Notice of Removal

was filed in the United States District Court for the Eastern District of Pennsylvania and a

certified copy of same was electronically filed in the Philadelphia County Court of Common

Pleas and served upon counsel listed below by electronic mail and United States First Class Mail,

postage pre-paid on May 25, 2012 and addressed as follows:

Gavin P. Lentz
Vincent van Laar
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102
*Counsel for plaintiff*

Peter C. Kennedy
Gibbons, P.C.
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
*Counsel for Brink's, Inc.*

GERMAN, GALLAGHER & MURTAGH

BY: _____

Dean F. Murtagh, Esquire
I.D. No. 19611
murtaghd@ggmfirm.com
Chilton G. Goebel, Esquire
I.D. No. 92118
goebelc@ggmfirm.com
200 S. Broad Street, Suite 500
Philadelphia, PA  19102
215-545-7700/215-732-4182 (Fax)
Attorneys for Defendant,
Concentra Health Services, Inc.,
d/b/a Concentra Medical Centers
(PA)

952085_1

GERMAN, GALLAGHER & MURTAGH
BY:  DEAN F. MURATGH, ESQUIRE
     CHILTON G. GOEBEL, ESQUIRE
IDENTIFICATION NO.:  19611/92118
murtaghd@ggmfirm.com
goebelc@ggmfirm.com
THE BELLEVUE, FIFTH FLOOR
200 S. BROAD STREET
PHILADELPHIA, PA 19102
(215) 545-7700

ATTORNEYS FOR:  Defendant,
Concentra Health Services, Inc.,
d/b/a Concentra Medical Centers
(PA)

---

| | |
|---|---|
| RACHELLE PARKER, individually and as the Administratrix of the Estate of Frank Csaniz | : :  Court of Common Pleas, Philadelphia : :  January Term, 2012 No. 0442 : : |
| v. | :  CIVIL ACTION : |
| CONCENTRA HEALTH SERVICES, INC., d/b/a CONCENTRA MEDICAL CENTERS (PA) and BRINK'S COMPANY d/b/a BRINKS SECURITY | :  NO.: _____ : : : : |

## PROOF OF FILING

TO THE PROTHONOTARY:

Pursuant to 28 U.S.C. 1446(c) defendant CONCENTRA HEALTH SERVICES, INC.,

d/b/a CONCENTRA MEDICAL CENTERS (PA) files herewith a certified copy of its Notice of

Removal filed in the United States District Court for the Eastern District of Pennsylvania on the

25th of May, 2012.

GERMAN, GALLAGHER & MURTAGH

BY: _____
    Dean F. Murtagh, Esquire
    Chilton G. Goebel, Esquire
    Attorneys for Defendant,
    Concentra Health Services, Inc.,
    d/b/a Concentra Medical Centers
    (PA)

9520385.1

**BOCHETTO & LENTZ, P.C.**
By:    Gavin P. Lentz, Esquire
          Vincent van Laar, Esquire
I.D. Nos. 53609, 85672
1524 Locust Street
Philadelphia, PA 19102
(215)735-3900
(215) 735-2455 fax
glentz@bochettoandlentz.com
vvanlaar@bochettoandlentz.com



*Attorneys for Plaintiffs*

| | |
|---|---|
| **RACHELLE PARKER individually**<br>**and as the Administratrix of the**<br>**ESTATE OF FRANK CSANIZ**<br>100 Old York Road<br>Apartment 920<br>Jenkintown, PA  19046<br><br>　　　　　　　*Plaintiff,*<br><br><br><br>　　　　v.<br><br>**CONCENTRA HEALTH SERVICES,**<br>**INC. d/b/a CONCENTRA MEDICAL**<br>**CENTERS (PA)**<br>7000 Holstein Avenue<br>Philadelphia, PA 19153<br><br>**BRINK'S COMPANY d/b/a**<br>**BRINK'S SECURITY**<br>7400 Holstein Avenue<br>Philadelphia, PA 19153<br><br>　　　　　　　*Defendants.* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br><br><br><br>JANUARY TERM 2012<br><br>NO.:  00442<br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

　　　**AND NOW** Comes Plaintiff, Rachelle Parker ("Ms. Parker"), individually and as

Administratrix of the Estate of her father Frank Csaniz ("the Estate of Csaniz"), by and

through the undersigned counsel, Bochetto & Lentz, P.C. ("B&L") and avers as follows in support of her Complaint against all Defendants:

## I.   **PARTIES**

1.      Plaintiff, Rachelle Parker, individually, and in her capacity as the Administratrix of her father's Estate ("the Estate of Csaniz"), is an adult individual residing at 100 Old York Road, Apartment 920, Jenkintown, PA 19046.

2.      Defendant Concentra Health Services, Inc., d/b/a Concentra Medical Centers (PA) ("Concentra") is a corporation which may be served at 7000 Holstein Avenue Philadelphia, PA 19153. Upon information and belief, Defendant Concentra and its employees, agents and ostensible agents were responsible—in part-- for initiating, monitoring and running the extreme physical fitness test given to the decedent, Frank Csaniz on behalf of Defendant Brink's.

3.      Defendant, Brink's Company d/b/a Brink's Security is a corporation which may be served at 7400 Holstein Avenue, Philadelphia PA 19153. Upon information and belief, Defendant Brink's Company oversaw the creation and implementation of the extreme physical fitness test given to the decedent, Frank Csaniz.

4.      At all times material hereto, Concentra operated a facility located 7000 Holstein Avenue, Philadelphia, PA 19153.

5.      At all times material hereto, Brink's Company owned and controlled a Brink's facility located at 7400 Holstein Avenue, Philadelphia, PA 19153.

2

Case ID: 120100442

## II.     JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 42 Pa.C.S.A. § 931(a) and has personal jurisdiction pursuant to 42 Pa.C.S.A. § 5322 as more fully set forth below.

5.     Venue is proper in the Philadelphia Court of Common Pleas under Rules 1006 (a) and 2179 of the Pennsylvania Rules of Civil Procedure as the pertinent transactions and occurrences that give rise to this action all occurred in Philadelphia County. In addition, Defendants conduct substantial business in Philadelphia County.

## III.     RELEVANT FACTS

6.     Frank Csaniz, ("Mr. Csaniz" or "Decedent"), was a 55-year old man, living at 6517 Ditman Street, Philadelphia, PA 19124.

7.     Plaintiff, Rachelle Parker ("Ms. Parker" and/or "Plaintiff") is the daughter of Frank Csaniz and the Administratrix of the Estate of Frank Csaniz ("the Estate of Csaniz".)

8.     Mr. Csaniz is also survived by his daughters Noelle Rodriguez and Michelle Csaniz for whom he provided substantial emotional support.

9.     At all times material hereto, Mr. Csaniz was a loving, caring and involved father to his four children (including his son Francis Joseph Csaniz, III, who passed away on August 15, 2010) and a doting grandfather to his grandchildren.

10.     In the summer of 2010, Mr. Csaniz was, like many Americans in this economy, out of work and looking for a job.

11.     Mr. Csaniz had been out of work for approximately 18 months.

3

12.     At 55 years old, Mr. Csaniz was looking for a stable position with an established company which would offer him job security.

13.     On or around June 17, 2010, Mr. Csaniz applied for a job with the Brink's Company ("Brink's") as a Building/Turret Guard.

14.     At all times material hereto, Brink's owned, operated and controlled a facility that regularly conducts business in Philadelphia, Pennsylvania.

15.     The Brink's facility is located at 7400 Holstein Avenue, Philadelphia, PA 19153.

16.     The primary function of a Building/Turret Guard is to be responsible for the safety and security of individuals in the facility as well as the surrounding areas outside of the single facility.

17.     While other jobs with Brink's required a certain level of fitness due to its position as a security firm, the position of Building/Turret Guard simply did not require the same level of extreme fitness.

18.     As the primary function of a Building Guard did not involve transporting heavy bags, an extreme physical endurance test was not warranted to test an applicant's qualifications for this position.

19.     In sum, the position that Mr. Csaniz applied for did not require a high level of strenuous activity or physical fitness and Defendants were fully aware of this.

20.     On or about June 29, 2010, Mr. Csaniz was told to report to the facility located at 7000 Holstein Avenue for a physical exam ("the Concentra Facility.)

21.     The Concentra Facility is closely located to the Brink's facility in Philadelphia, Pennsylvania.

4

22.     Brink's contracted with Concentra in Philadelphia to run its mandatory physical exams.

23.     Concentra markets its "employee physicals" as a way for employers to "confirm that . . . employees can perform the required job duties **unique** to their positions."

24.     Concentra further advertises that its "ADApt Services Human Performance Evaluation (HPE) helps your company match the physical demands of the job with the physical capabilities of each employee."

25.     Moreover, "these exams compare the health of the individual with the expected demands of a **specific** occupational role to ascertain appropriate fitness."

26.     Thus, upon information and belief, Concentra and Brink's work closely together to formulate an appropriate *physical exam test*, based on job duties unique to a specific occupational role.

27.     At the time of Mr. Csaniz's physical exam, Concentra personnel checked his blood pressure and advised him that his blood pressure was too high to conclude the physical exam.

28.     Unbeknownst to Mr. Csaniz, Concentra and/or Brink's required medical clearance, so he could complete a pre-employment physical test.

29.     Thereafter, Mr. Csaniz went to the Greater Philadelphia Health Center ("GPH Clinic") where he was given medication to lower his blood pressure.

30.     When Mr. Csaniz was tested at the GPH Clinic on the same day, June 29, 2010, his blood pressure was 150/110 because of his hypertension.

31.     At all times material hereto, Defendants knew or should have known of Mr. Csaniz's high blood pressure.

32.     At the GPH Clinic, Mr. Csaniz received medication to lower his blood pressure so he could complete the physical exam.

33.     On or about June 30, 2010, Mr. Csaniz returned to the GPH Clinic to have his blood pressure taken again.

34.     At that time, Mr. Csaniz's blood pressure had dropped from 150/110 to 124/80 due to the medication.

35.     Despite the medication, Mr. Csaniz remained at risk of an adverse cardiac event if subjected to significant physical exertion and/or stress.

36.     Mr. Csaniz advised Brink's that he had obtained blood pressure medication which had lowered his blood pressure.

37.     Thereafter, Brink's and/or Concentra advised Mr. Csaniz to complete his physical exam and return on July 1, 2010.

38.     At no time was Mr. Csaniz advised that he had to perform an extreme physical endurance test.

39.     At no time was Mr. Csaniz advised by Brink' and/or Concentra to train, practice or otherwise be prepared to perform an extreme physical endurance test for the type of job position he had applied for.

40.     At no time, was Mr. Csaniz warned that he would be subjected to an extreme physical endurance test that would place him at an increased risk of having a heart attack in light of his pre-existing hypertension and high blood pressure.

6

41.     To Mr. Csaniz's surprise, the physical exam turned to be a grueling physical endurance test that required an extremely high level of fitness and was totally inappropriate for a person of Mr. Csaniz's age and physical condition and totally unnecessary for the job he had applied for at Brink's.

42.     Upon information and belief, Brink's provided Concentra with specifications for the type of physical endurance test Brink's wanted Concentra to provide and manage.

43.     Concentra, as an established and experienced physical fitness testing clinic, knew or should have known of the significant risks presented by allowing an older, untrained individual with significant hypertesnion to undergo an extreme physical endurance test.

44.     Moreover, Concentra and Brink's, knew or should have known that physical endurance tests may have severely adverse effects on individuals like Mr. Csaniz and could cause individuals to suffer a heart attack.

45.     Thus, at all times material hereto, Concentra and Brink's knew or should have known that the risks presented by an extreme physical endurance test must be modified according the age and physical activity level of the participant.

46.     It is averred that, an exam for a Building/Turret Guard, whose primary function is to ensure the safety and security of a single facility by monitoring the facility, should require, at a minimum, a much less rigorous physical endurance test than any other security positions at Brink's that do require a significant portion of heavy lifting and/or loading.

Case ID: 120100442

47.    By administering Mr. Csaniz an extreme physical endurance test, Concentra and Brink's assumed a duty to properly perform, and evaluate and monitor these physical tests so that the applicants would not be injured.

48.    The extreme physical endurance test subjected Mr. Csaniz to pick up thirty-five (35) pound bags of currency twenty times, run those boxes across the room and stack them within five minutes.

49.    The extreme physical endurance test also subjected Mr. Csaniz to load and unload fifty-five (55) pound bags of coins thirty times from a dolly and/or an armored vehicle within five minutes.

50.    Mr. Csaniz was required to do this in a short time frame without taking a break.

51.    Mr. Csaniz also had to take a "sleigh" that was loaded with boxes and pull it across a room.

52.    Mr. Csaniz repeatedly asked what this grueling physical endurance exam had to do with his ability to perform a "desk job" and whether this physical test was necessary.

53.    Mr. Csaniz repeatedly asked the personnel who administered the test if he had to keep performing the endurance exam because he was having difficulty and was sweating profusely, out of breath and in a state of exhaustion.

54.    The personnel who oversaw this physical endurance test refused to allow Mr. Csaniz to stop and advised him that failing to complete the physical endurance test was the same as refusing to complete the exam.

8

55.     In fact, the personnel present during the extreme physical endurance test laughed at Mr. Csaniz when he complained that he was having difficulty completing the physical endurance test.

56.     Consequently, Mr. Csaniz continued to perform the extreme physical endurance test as he desperately needed a job.

57.     Despite that Mr. Csaniz was doing his best to complete this test, he became short of breath and began to wheeze and sweat even more as he did his best to continue.

58.     The personnel that administered the test continued to laugh at Mr. Csaniz and mocked him.

59.     At no time was Mr. Csaniz blood pressure or physical condition being monitored.

60.     One of the personnel present on behalf of the Defendants during the physical test even commented that 30-year old men attempting this endurance test had a hard time completing it.

61.     Just as the extreme physical test was ending, a medical professional on behalf of Defendants arrived, who upon information and belief, saw how horrible Mr. Csaniz looked after the completion of the physical endurance test.

62.     After the exam, Mr. Csaniz called his daughter Rachelle Parker ("Ms. Parker") and stated that although he had passed the extreme physical endurance test, he did not feel well from the physical exertion and stress of the test.

63.     Mr. Csaniz further told Ms. Parker that he was nauseous, that he had chest pains and that he had blacked out on the way home.

Case ID: 120100442

64.     Furthermore, after the exam, and after Mr. Csaniz had arrived at home, his blood pressure had dropped to approximately 90/50.

65.     Because Mr. Csaniz was feeling so ill, after he had arrived at home, he went to bed on July 1, 2010.

66.     Between July 2, 2010 and July 6, 2010, Mr. Csaniz stayed at his house and laid in his bed, feeling sick, "wiped out," and unable to leave as a direct result of the Brink's physical endurance test.

67.     Mr. Csaniz was still in significant pain that when his daughter, Ms. Parker, invited him over to a 4th of July party over the weekend, he told her the physical exam had physically drained him to the point that he could not even go out to go to a party.

68.     On July 5, 2010, Mr. Csaniz was still in significant pain and was totally exhausted from the effects of the extreme physical endurance test.

69.     On July 6, 2010, the day that Frank was supposed to start his new job at the Brink's facility in Philadelphia, he got up early in the morning and collapsed while suffering from extreme pain in his chest on the ground as a direct result of Defendants' negligence as aforesaid.

70.     The Philadelphia Fire & EMS arrived on the scene at approximately 6:36 AM.

71.     At that time Mr. Csaniz was unconscious but still breathing.

72.     A very short time after their arrival, Mr. Csaniz stopped breathing.

73.     Frank was rushed to Frankford Hospital where he was pronounced dead as a direct and proximate result of the unreasonably harsh physical endurance stress test mandated by Brink's and administered by Concentra and/or Brink's.

10

74.    Following Mr. Csaniz's death, his live-in girlfriend, Dawn Johnson (who took care of Mr. Csaniz following the physical endurance test) passed away on August 28, 2010.

75.    At all times material hereto, Mr. Csaniz injuries, including his untimely death, were caused by defendants' failure to warn, prepare, and monitor Mr. Csaniz before during and after the extreme physical endurance test.

76.    At all times material hereto, Defendants Brink's Company and Concentra, including their agents, employees and/or ostensible agents, knew or should have known of Mr. Csaniz's impaired medical condition.

77.    At all times material hereto, Defendants Brink's Company and Concentra voluntarily undertook a duty to ensure that prospective employees were properly monitored and/or examined before, during and after physical endurance tests.

78.    At all times material hereto, Defendants Brink's Company and Concentra voluntarily undertook a duty to make sure that any and all physical tests were performed in a medically safe environment.

79.    At all times material hereto, Defendants Brink's Company and Concentra voluntarily undertook a duty to ensure that individuals like Frank were closely monitored before, during and after a physical test.

80.    At all times material hereto, Defendants Brink's Company and Concentra assumed a duty to properly test Frank without risk to his health and his life.

81.    Defendants negligently failed to supervise and conduct the physical exam at issue.

11

82.    Defendants' breach of these duties was a direct and proximate cause of Frank's injuries and subsequent death and suffering.

## IV.    **DAMAGES**

83.    As a direct and proximate result of the negligence and reckless conduct of Defendants and their agents, employees and/or ostensible agents, Mr. Csaniz sustained significant and ultimately fatal injuries including the following:

a) Significant pain and suffering, including but not limited to: pain and suffering that occurred as Mr. Csaniz completed the extreme physical fitness exam; and the pain and suffering he endured as a result of physical exam, from July 1, 2010 until his death on July 6, 2010.

b) Loss of earnings potential;

c) Loss of life's pleasures and enjoyment; and

d) Funeral expenses and/or medical expenses

## **COUNT I**

## **(NEGLIGENCE – WRONGFUL DEATH PURSUANT TO 42 Pa. C.SA. § 8301)**

### **Rachelle Parker, individually and as the Administratrix of the Estate of Frank Csaniz v. Brink's Company d/b/a Brink's Security**

84.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein at length.

85.    Defendant Brink's Company and its agents, employees and/or ostensible agents, owed Mr. Csaniz a duty of care as a prospective employee, when it subjected him to a vigorous physical endurance test.

Case ID: 120100442

86.     Among the duties Brink's owed to Mr. Csaniz was a duty to appropriately tailor and/or monitor the physical exam/endurance test to the specific requirements of the Building/Turret Guard position.

87.     Furthermore, Defendant Brink's Company and its agents, employees and/or ostensible agents voluntarily assumed the duty of care to ensure that Mr. Csaniz would be properly warned, evaluated, and/or monitored in connection with the extreme physical endurance test. (*See* Restatement (Second) of Torts §323 (1965.))

88.     The failure of Defendant Brink's Company to properly tailor and/or continue to monitor Mr. Csaniz's health either before, during or after the physical endurance test constitutes a breach of Defendant's duty.

89.     Defendants' negligent conduct in subjecting Mr. Csaniz to an extreme physical endurance test under the circumstances herein proximately caused Mr. Csaniz to have a heart attack.

90.     As a direct and proximate result of this breach, Mr. Csaniz was injured, suffered excruciating pain for six (6) days, and finally died from the injuries sustained by the forced completion of the extreme physical exam.

91.     As a direct and proximate result of Defendant's negligence, Plaintiff seeks any and all damages recoverable pursuant to the Wrongful Death Statute.

92.     The death of Mr. Csaniz has caused significant emotional and/or financial losses to his three (3) daughters.

**WHEREFORE,** Plaintiff, Rachelle Parker, individually and as the Administratrix of the Estate of Frank Csaniz, demands judgment in an amount in excess of Fifty

13

Thousand Dollars ($50,000.00) against Defendant Brink's Company together with interest, costs and all other relief as the Court deems just.

## COUNT II

### (NEGLIGENCE – SURVIVAL ACTION PURSUANT TO 42 Pa. C.SA. § 8302)

### Rachelle Parker, as Administratrix of the Estate of Frank Csaniz v. Brink's Company d/b/a Brink's Security

93.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein at length.

94.     Defendant Brink's Company owed Mr. Csaniz a duty to properly administer and/or provide a reasonable pre-employment test necessarily related to Mr. Csaniz' job application.

95.     Defendant Brink's Company further owed Mr. Csaniz a voluntarily assumed duty to adequately tailor the test and/or monitor his health, before, during and after the physical endurance test.  (*See also* Restatement (Second) of Torts § 323 (1965.))

96.     Defendant Brink's Company and all agents, employees and/or ostensible agents breached that duty by failing to exercise reasonable care in the creation, implementation and administration of an extreme physical fitness exam on a 55-year old, not physically trained man, with high blood pressure.

97.     Defendant Brink's Company and all agents, employees and/or ostensible agents further breached that duty by failing to continuously monitor Mr. Csaniz's health before, during and after administering the exam, despite being on notice of his high blood pressure from tests performed by its own personnel and/or agents or ostensible agents prior to the initiation of the exam.

Case ID: 120100442

98.     As a direct and proximate result of Defendant Brink's Company negligence as aforesaid, Mr. Csaniz was injured, suffered for six (6) days and ultimately died as a result of the over-exertion of his heart.

**WHEREFORE,** Plaintiff, Rachelle Parker, as the Administratrix of the Estate of Frank Csaniz, demands judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00) against Defendant together with interest, costs and all other relief as the Court deems just.

## COUNT III

### (NEGLIGENCE – WRONGFUL DEATH PURSUANT TO 42 Pa. C.SA. § 8301)

#### Rachelle Parker, individually and as the Administratrix of the Estate of Frank Csaniz v. Defendant Concentra Health Services, Inc. d/b/a Concentra Medical Centers (PA)

99.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein at length.

100.     At all times relevant hereto, Defendant owed a duty to Mr. Csaniz.

101.     Defendant Concentra and its agents, employees and/or ostensible agents voluntarily assumed the duty of care to properly warn, evaluate, test and monitor Mr. Csaniz and his health in connection with the extreme physical endurance test. (*See* Restatement (Second) of Torts § 323 (1965.))

102.     The failure of Defendant Concentra to properly continue to monitor Mr. Csaniz's health before, during or after the physical endurance test constitutes a breach of Defendant's duty.

103.     The failure of Defendant Concentra to properly create, implement and/or manage the physical exam/endurance test constitutes a breach of Defendant's duty.

15

104.    Defendant's negligent conduct in subjecting Mr. Csaniz to an extreme physical endurance test under the circumstances herein proximately caused Mr. Csaniz to have a heart attack.

105.    As a direct and proximate result of this breach, Mr. Csaniz was injured, suffered excruciating pain for six (6) days, and finally died from the injuries sustained by the forced completion of the extreme physical endurance exam.

106.    As a direct and proximate result of Defendant's negligence, Plaintiff seeks any and all damages recoverable pursuant to the Wrongful Death Statute.

107.    The death of Mr. Csaniz has caused significant emotional and/or financial losses to his three (3) daughters.

**WHEREFORE,** Plaintiff, Rachelle Parker, individually and as the Administratrix of the Estate of Frank Csaniz, demands judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00) against Defendant Concentra together with interest, costs and all other relief as the Court deems just.

## COUNT IV

### (NEGLIGENCE – SURVIVAL ACTION PURSUANT TO 42 Pa. C.SA. § 8302)

### Rachelle Parker, as Administratrix of the Estate of Frank Csaniz v. Defendant Concentra Health Services, Inc. d/b/a Concentra Medical Centers (PA)

108.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein at length.

109.    At all times relevant hereto, Defendant owed a duty to Mr. Csaniz.

110.    Defendant Concentra further owed Mr. Csaniz a voluntarily assumed duty to adequately monitor his health before, during and after he completed the extreme physical exam. (*See* Restatement (Second) of Torts § 323 (1965.))

16

Case ID: 120100442

111.    Defendant Concentra and all agents, employees and/or ostensible agents breached that duty by failing to exercise reasonable care in the administration and/or creation of an extreme physical fitness exam on a 55-year old, not physically trained man, with high blood pressure.

112.    Defendant Concentra and all agents, employees and/or ostensible agents further breached that duty by failing to continuously monitor Mr. Csaniz's health before, during and after the exam, despite being on notice of his high blood pressure from tests performed by its own personnel prior to the initiation of the exam.

113.    As a direct and proximate result of Defendant Concentra's negligence as aforesaid, Mr. Csaniz was injured, suffered for six (6) days and ultimately died as a result of the over-exertion of his heart.

114.    As a direct result of Defendant's negligence, the Estate of Csaniz sustained significant damages, including pain and suffering, funeral expenses, loss of earnings potential and another damages provided by statute.

**WHEREFORE,** Plaintiff, Rachelle Parker, as the Administratrix of the Estate of Frank Csaniz, demands judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00) against Defendant Concentra together with interest, costs and all other relief as the Court deems just.

## COUNT V

### (NEGLIGENT HIRING/NEGLIGENT SUPERVISION)

### Rachelle Parker, as Administratrix of the Estate of Frank Csaniz v. Brink's Company d/b/a Brink's Security

115.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein at length.

17

Case ID: 120100442

116.    Defendant Brink's Company owed a duty to Mr. Csaniz to exercise due care in the hiring and supervision of qualified individuals to work on Defendant's behalf.

117.    Defendant Brink's Company owed a duty to Mr. Csaniz to exercise due care in contracting with all agents, including but not limited to Defendant Concentra and its employees, agents and ostensible agents, who supervised, monitored, implemented and/or created any physical exam for use on the behalf of Defendant Brink's Company.

118.    Defendant Brink's Company owed a duty to Mr. Csaniz to ensure that physical exams created and administered by its agents, including Concentra would be specifically tailored to the unique duties of each specific position.

119.    Defendant Brink's Company further owed a duty to ensure that Mr. Csaniz through the proper training and supervision of its hired agents, employees and/or ostensible agents, would not be placed in harms way.

120.    Defendant Brink's Company breached this duty by failing to adequately train its agents, employees and/or ostensible agents, including all employees of Defendant Concentra working on behalf of or at the request of Defendant Brink's.

121.    Defendant Brink's Company further breached this duty by failing to adequately supervise its agents, employees and/or ostensible agents, including all employees of Defendant Concentra working on behalf of or at the request of Defendant Brink's.

122.    As a result of Defendant Brink's Company's failure to properly hire, adequately train and/or supervise Brink's and Concentra agents, employees and/or ostensible agents, Mr. Csaniz suffered and ultimately died.

Case ID: 120100442

**WHEREFORE,** Plaintiff, Rachelle Parker, as the Administratrix of the Estate of Frank Csaniz, demands judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00) against Defendant Brink's Company together with interest, costs and all other relief as the Court deems just.

## COUNT VI

### (NEGLIGENT HIRING/NEGLIGENT SUPERVISION)

### Rachelle Parker, as Administratrix of the Estate of Frank Csaniz v. Concentra

123.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein at length.

124.    Defendant Concentra owed a duty to Mr. Csaniz to exercise due care in the hiring and/or supervision of qualified individuals to perform proper testing procedures on Defendant's behalf.

125.    Defendant Concentra owed a duty to Mr. Csaniz through the proper training and supervision of its hired agents, employees and/or ostensible agents, including all physicians, nurses and medical personnel.

126.    Defendant Concentra owed a duty to Mr. Csaniz to properly oversee, retain, select, supervise and train its agents, staff and employees, including all physicians, nurses and medical personnel, as to the proper administration and monitoring of physical exams and/or physical testing given to prospective employees of its clients, including Brink's.

127.    Defendant Concentra owed a duty to Mr. Csaniz to properly oversee, retain, select, supervise and train its agents, staff and employees, including all physicians, nurses and medical personnel to ensure that physical exams created and administered by its agents would be specifically tailored to the unique duties of each specific position.

Case ID: 120100442

128.    Defendant Concentra breached this duty by failing to adequately train its agents, employees and/or ostensible agents, including all physicians, nurses and medical personnel in properly administering stressful physical exams.

129.    Defendant Concentra breached this duty by failing to adequately train its agents, employees and/or ostensible agents, including all physicians, nurses and medical personnel in properly monitoring the health of persons undergoing stressful physical exams.

130.    Defendant Concentra further breached this duty by failing to adequately supervise its agents, employees and/or ostensible agents during the administration and/or monitoring of its stressful physical endurance tests.

131.    As a result of Defendant Concentra's failure to properly hire, adequately train and supervise its agents, employees and/or ostensible agents, Mr. Csaniz's suffered and ultimately died.

**WHEREFORE,** Plaintiff, Rachelle Parker, as the Administratrix of the Estate of Frank Csaniz, demands judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00) against Defendant Concentra together with interest, costs and all other relief as the Court deems just.

Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**

Dated:  April 17, 2012                By:

Gavin P. Lentz, Esquire
Vincent van Laar, Esquire
*Attorneys for Plaintiff*

20

## VERIFICATION

I, Rachelle Parker, verify that the statements made in the foregoing Complaint to the best of my knowledge, are true and correct. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. '4904 relating to unsworn falsification to authorities.

Date: 4-16-12

RACHELLE PARKER individually and
as the Administratrix of the ESTATE OF
FRANK CSANIZ

Case ID: 120100442

**Chilton G. Goebel, III**

| | |
|---|---|
| **From:** | Kennedy, Peter C. <PKennedy@gibbonslaw.com> |
| **Sent:** | Thursday, May 24, 2012 5:23 PM |
| **To:** | Chilton G. Goebel, III |
| **Cc:** | Dean Murtagh |
| **Subject:** | RE: Parker/Csaniz v. Brinks and Concentra |

On behalf of Brinks Inc., I consent to the removal.  Thanks.

Peter